# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1989 | **DATE** | 4/21/2008 |
| **CASE TITLE** | U.S. ex rel. Ellis Partee (A-15421) v. Don Hulick | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to file *in forma pauperis* [3] is granted. Respondent is ordered to answer or otherwise plead to the petition within thirty days of the date this order is entered on the clerk's docket. Petitioner's motion for the appointment of counsel [4] is denied without prejudice. The Court dismisses Illinois Attorney General Lisa Madigan as a respondent.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Petitioner Ellis Partee (A-15421), a state prisoner at Menard Correctional Center, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner asserts challenges to his 2006 conviction for burglary. Finding that petitioner lacks the available funds to pay the filing fee, the court grants his motion for leave to file *in forma pauperis*.

Respondent is ordered to answer or otherwise plead to the petition within thirty days of the date this order is entered on the clerk's docket.

Petitioner's motion for the appointment of counsel is denied without prejudice. Although the court may appoint counsel for an evidentiary hearing and at any time during the proceedings if the interests of justice so require, *see* Rule 8(c) of the Rules Governing Section 2254 Cases, the appointment of counsel is not warranted at this stage of the proceedings.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to petitioner.

On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper respondent in a habeas case only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of the Rules Governing Section 2254 Cases. In this case, petitioner is not challenging a future sentence, but rather his present confinement. Therefore, the Illinois' Attorney General is not a proper party. The proper respondent is the warden of petitioner's current place of confinement, Menard Correctional Center, and the warden is thus named as respondent. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).

isk