UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| ELLIS PARTEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08 C 1989 |
| | ) | |
| DON HULICK, Warden, | ) | |
| Menard Correctional Center, | ) | The Honorable |
| | ) | Robert W. Gettleman, |
| Respondent. | ) | Judge Presiding. |

_____

## RESPONDENT'S MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] and this Court's April 21, 2008 order directing respondent to "answer or otherwise plead," respondent DON HULICK moves this Court to dismiss the instant petition for writ of habeas corpus for failure to exhaust available state court remedies. In support, respondent states as follows:

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts contemplates that a response to the petition may be by "motion, or other response." The Committee Notes explain that where a "dismissal may be called for on procedural grounds," a response by motion could "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of a petition." Advisory Committee Notes to Rule 4, 1976 Adoption. This reasoning remains in force following the 2004 amendments to Rule 4. *See* Advisory Committee Notes to Rule 4, 2004 Amendments ("[t]he amended rule [4] reflects that the response to the habeas petition may be a motion"). *See also* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.").

**<u>Petitioner's Direct Appeal is Pending in the State Appellate Court</u>**.

1.      On December 8, 2006, following a jury trial in the Circuit Court of Cook County, petitioner Ellis Partee was convicted of burglary and subsequently sentenced to seven years' imprisonment.  *See* Certified Statement of Conviction/Disposition at 9, *People v. Partee*, No. 06 CR 4670 01 (Exhibit A); Pet. at 1.  Petitioner appealed, and his appeal was assigned No. 1-06-3651.  *See* Motion to Dismiss Appeal, *People v. Partee*, No. 1-06-3651 (Ill.App. 2007) (Exhibit B); Exh. A. at 9.

2.      On December 22, 2006, petitioner filed a motion to reduce sentence that was denied on January 3, 2007.  *See* Exh. B. at 1; Exh. A. at 10.  On January 16, 2007, petitioner appealed — the appeal was assigned No. 1-07-0191 — and the Office of the State Appellate Defender (OSAD) was appointed to represent him on both appeals.  *See* Exh. B. at 2.

3.      On January 29, 2007, OSAD filed a motion to dismiss the earlier appeal (No. 1-06-3651), arguing that it was premature.  *See* Exh. B. at 2.  The Appellate Court, First District, granted this motion on February 8, 2007.  Order, No. 1-06-3651, *People v. Partee* (Ill.App. 2007) (Exhibit C).

4.      As of the filing of this Motion to Dismiss, petitioner's direct appeal — No. 1-07-0191 — is still pending.  *See* Order Allowing Appellant's Motion for an Extension of Time to File Appellant's Record, *People v. Partee*, No. 1-07-0191 (Ill.App. 2007) (Exhibit D).  The most recent activity in petitioner's direct appeal is a September 19, 2007 order granting a motion for an extension of time in which to

2

file Appellant's record. *See id.* The clerk's office has further informed respondent's

counsel that petitioner has yet to file the record.

## Petitioner's Applications for Collateral Relief are Pending in the State Appellate Court.

5.      In addition to pursuing his direct appeal, on May 22, 2007, petitioner

filed a state petition for habeas corpus relief. Habeas petition, *People v. Partee*, No.

06 CR 04670 01 (Exhibit E); *see* Exh. A. at 11. The state court denied the petition

on June 8, 2007. Notification of Denial Order, *People v. Partee*, No. 06 CR 04670 01

(Exhibit F). Petitioner appealed, and this appeal remains pending in the Illinois

Appellate Court, First District. *See* Order Denying Petitioner's Motion to Hold

Appeal No. 1-07-1928 In Abeyance Until the Resolution of Appeal No. 1-07-0191,

*People v. Partee*, No. 1-07-1928 (Ill.App. 2007) (Exhibit G).

6.      In addition, on July 25, 2007, petitioner filed in the Circuit Court of

Cook County a pro se petition for postconviction relief pursuant to the Illinois Post-

Conviction Hearing Act (codified at 725 ILCS 5/122-1, *et seq.*). Postconviction

petition, *People v. Partee*, No. 06 CR 4670 01, Circuit Court of Cook County (Exhibit

H). The state trial court dismissed the petition as frivolous and patently without

merit on August 27, 2007. Report of Proceedings, August 27, 2007, *People v. Partee*,

No. 06 CR 4670 01 (Exhibit I); Exh. A at 12. Petitioner appealed that dismissal,

and the appeal remains pending. *See* Order Denying Petitioner's Motion to Hold

Appeal In Abeyance Until the Resolution of Appeal 1-07-0191, *People v. Partee*, No.

1-07-2701 (Ill.App. 2007) (Exhibit J).

3

7.     On February 5, 2008, petitioner filed a motion for a corrected mittimus, which was denied on February 13, 2008.  *See* Exh. A. at 13.  On that same date, the state trial court also denied petitioner leave to file a mandamus petition.  *Id.*  On October 15, 2007, petitioner filed a motion for leave to file an original mandamus action in the Illinois Supreme Court.  Petition for Leave to File a Petition for an Original Writ of Mandamus, *People v. Partee*, No. 11951 (Ill. 2007) (Exhibit K).  The state supreme court denied this motion on November 20, 2007.  Order, *People v. Partee*, No. 11951 (Ill. 2007) (Exhibit L).

## § 2254 Petition

8.     On April 1, 2008, petitioner filed a § 2254 petition raising the following claims:

a.     the prosecutor in his case falsified evidence and presented false testimony;

b.     petitioner was denied his right to appeal and pursue postconviction relief;

c.     the State violated an agreement on plea negotiations;

d.     petitioner's right to counsel of choice was violated during sentencing where counsel was removed on petitioner's motion and was not replaced; and

e.     the State failed to disclose exculpatory and impeachment evidence.

9.     The record of petitioner's trial has not yet been prepared or filed in the Illinois Appellate Court, First District.  The following materials, pertinent to this Court's exhaustion determination, are being filed as exhibits to this motion, under separate cover:

4

Exhibit A:      Certified Statement of Conviction/Disposition, *People v. Partee*, No. 06 CR 4670 01;

Exhibit B:      Motion to Dismiss Appeal, *People v. Partee*, No. 1-06-3651 (Ill.App. 2007);

Exhibit C:      Order, No. 1-06-3651, *People v. Partee* (Ill.App. 2007);

Exhibit D:      Order Allowing Appellant's Motion for an Extension of Time to File Appellant's Record, *People v. Partee*, No. 1-07-0191;

Exhibit E:      Habeas petition, *People v. Partee*, No. 06 CR 04670 01;

Exhibit F:      Notification of Denial Order, *People v. Partee*, No. 06 CR 04670 01;

Exhibit G:      Order Denying Petitioner's Motion to Hold Appeal No. 1-07-1928 In Abeyance Until the Resolution of Appeal No. 1-07-0191, *People v. Partee*, No. 1-07-1928 (Ill.App. 2007);

Exhibit H:      Postconviction petition, *People v. Partee*, No. 06 CR 4670 01, Circuit Court of Cook County;

Exhibit I:      Report of Proceedings, August 27, 2007, *People v. Partee*, No. 06 CR 4670 01;

Exhibit J:      Order Denying Petitioner's Motion to Hold Appeal In Abeyance Until the Resolution of Appeal 1-07-0191, *People v. Partee*, No. 1-07-2701 (Ill.App. 2007);

Exhibit K:      Petition for Leave to File a Petition for an Original Writ of Mandamus, *People v. Partee*, No. 11951 (Ill. 2007);

Exhibit L:      Order, *People v. Partee*, No. 11951 (Ill. 2007); and

Exhibit M:      Status Report, *People v. Partee*, No. 1-07-0191 (Ill.App. 2007).

## **Argument**

10.    The instant petition for a writ of habeas corpus should be dismissed

without prejudice because petitioner has failed to exhaust available state court

remedies, as required by 28 U.S.C. § 2254(b).  Section 2254(b) provides:

> (1)  An application for a writ of habeas corpus on behalf
> of a person in custody pursuant to the judgment of a
> State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available
> in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective
> process; or
>
> (ii) circumstances exist that render such process
> ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

11.    Although an application for writ of habeas corpus may be denied on

the merits notwithstanding the failure to exhaust state court remedies (*see* 28

U.S.C. § 2254(b)(2)), petitioner may obtain federal habeas relief only after he has

exhausted all available state court remedies and fairly presented his federal

constitutional claims to the state courts.  *Rose v. Lundy*, 455 U.S. 509, 518-20

(1982).  Affording "the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review

process" is a necessary prerequisite to obtaining federal habeas review of

petitioner's constitutional claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Furthermore, petitioner must "give the state's highest court an opportunity to

address each claim" of constitutional error. *Mahaffey v. Schomig*, 294 F.3d 907, 914 (7th Cir. 2002). The exhaustion requirement serves federal-state comity interests by ensuring that state courts have the first opportunity to address and correct perceived violations of petitioner's federal constitutional rights. *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971), and *Boerckel*, 526 U.S. at 844-45).

12.    In this case, petitioner has failed to invoke one complete round of Illinois's established appellate review process. As stated above, petitioner's direct appeal is still pending. *See* ¶ 4; Pet. at 2. Moreover, petitioner's postconviction appeal remains pending. *See* Exh. J.

13.    Because petitioner's direct appeal is still pending in the state appellate court, it follows that neither that court nor the Illinois Supreme Court has had "an opportunity to act on his claims before [petitioner] present[ed] those claims to a federal court in [the instant] habeas petition." *Boerckel*, 526 U.S. at 842. Therefore, petitioner has failed to exhaust his state court remedies, and his petition should be dismissed. 28 U.S.C. § 2254(b)(1)(A).

14.    Exhaustion of state remedies is not required where: (1) "there is an absence of available state corrective process;" or (2) where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *see also Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). As stated above, petitioner is currently pursuing his claims within Illinois's established appellate review process. *See Boerckel*, 526 U.S. at 845 (describing appellate review

in the appellate court and supreme courts as "normal, simple, and established"). One circumstance that can render state corrective processes ineffective is "[i]nordinate, unjustifiable delay" in the state court proceedings. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997).

15.    The instant petition alleges that "state actors" have denied petitioner his constitutional right to an appeal "in a manner which offends due process afforded under the Constitution of the United States." Pet. at 5. This could be construed as an allegation of inordinate delay. However, petitioner should not be allowed to bypass the exhaustion requirement and proceed with his unexhausted claims in federal court because the 13-month delay is not long enough to be considered "inordinate." Petitioner filed his notice of appeal on January 16, 2007, and OSAD was notified of its appointment on January 19, 2007. *See* Status Report: April 30, 2008, *People v. Partee*, No. 1-07-0191 (Ill.App. 2007) (Exhibit M). The cause of the delay in petitioner's direct appeal appears to be a delay in the preparation of the transcript of petitioner's trial. OSAD received the common law record on January 19, 2007, and ordered the report of petitioner's proceedings on February 6, 2007. *See id.* The state court record was due to be filed in the state appellate court on November 12, 2007. *See id.* Following status reports regarding the record, OSAD received the record on March 5, 2008, but the record was missing the transcripts required for appellate review and was thus incomplete. *Id.* As of this filing, appellant's record has not yet been filed, and petitioner's direct appeal has remained pending to the present day, which constitutes a delay of

approximately 13 months. *See Verdin v. O'Leary*, 972 F.2d 1467, 1483 (7th Cir. 1992) ("exhaustion of state remedies is determined at the time that the petition for habeas corpus is filed").

16.    Although there is no bright line as to how much time constitutes "inordinate" delay, the Seventh Circuit has found that delays of periods longer than the instant delay to be inordinate and shorter periods of delay have not been found to make the state process ineffective. *See, e.g.*, *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981) (three-and-one-half year delay inordinate); *Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (17-month delay in filing appellate brief in direct appeal warranted remand to district court for hearing to determine whether delay justifiable); *Bell v. Robert*, 402 F.Supp.2d 938, 948 (N.D. Ill. 2005) (citing cases) (delay of eleven-and-one-half months not inordinate).  Having instituted a direct appeal, petitioner should permit Illinois's appellate review process the time necessary to adjudicate his claim before pursuing federal habeas relief; a 13-month delay does not render the state appellate process ineffective. *Bell*, 402 F.Supp.2d at 946-48 (eleven-month delay in processing trial transcripts to adjudicate direct appeal not inordinate where transcripts requested in reasonably timely fashion and delay the product of normal pace of appellate litigation).  The Seventh Circuit has noted that the "normal direct appellate procedure extends ordinarily over a substantial period of time." *Wilson v. Rowe*, 454 F.2d 585, 589 (7th Cir. 1971) (discussing Illinois appellate process for criminal cases).  Petitioner has not shown that a 13-month time period to process a direct appeal is inordinate, and this Court

9

should therefore dismiss the instant petition without prejudice for failure to exhaust available state court remedies.

17.    Nor should this Court stay the proceedings.  District courts have discretion to stay a "mixed" habeas petition.  *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Petitioner's § 2254 petition is not "mixed;" it contains only unexhausted claims.  Petitioner has not requested that his matter be stayed.  But even assuming petitioner desired a stay, he does not satisfy *Rhines*.  When determining the propriety of staying a habeas petition pending a petitioner's return to state court to exhaust his claims, the Seventh Circuit has considered, as a factor strongly militating in favor of granting a stay, whether "the dismissal would effectively end any chance at federal habeas review," *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) (citing cases), due to AEDPA's one-year statute of limitations on habeas corpus petitions.  28 U.S.C. § 2244(d)(1).  The pendency of a federal habeas petition does not toll the one-year limitations period, *Duncan v. Walker*, 533 U.S. 167, 172 (2001), and respondent intends to assert all available defenses to any petition filed by petitioner upon conclusion of his state court proceedings, including the defense of time-bar under § 2244(d)(1).  Yet, dismissal of the instant petition without prejudice would not work an injustice, because petitioner's judgment is not yet final and AEDPA's limitations period has not yet started to run.  *See* § 2244(d)(1)(A).  Accordingly, dismissal of the instant petition would not render untimely federal habeas review of petitioner's conviction when his conviction becomes final.  Therefore, petitioner cannot demonstrate good cause for obtaining a stay, and this

Court should dismiss the petition without prejudice for failure to exhaust state court remedies. *See Bailey v. Ryker*, 2007 WL 2410117, *2 (N.D. Ill. 2007) (where petitioner raised only one unexhausted claim, and dismissal without prejudice would not jeopardize timeliness of a collateral attack, petition could not be stayed pending exhaustion of state court remedies and was dismissed without prejudice).

## <u>CONCLUSION</u>

This Court should dismiss the instant petition for writ of habeas corpus without prejudice. Should the Court deny this motion without granting a stay of the proceedings, respondent respectfully requests thirty days from the entry of the Court's order to address the merits and/or any procedural defaults of petitioner's claims in a subsequent submission.

May 19, 2008                                   Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:      /s/ Sheri L. Wong
SHERI L. WONG, BAR NO. 6291090
Assistant Attorney General
100 W. Randolph Street, 12th Floor
Chicago, IL 60601-3218
TELEPHONE: (312) 814-3692
FAX: (312) 814-2253
EMAIL: swong@atg.state.il.us

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2008, I electronically filed respondent's

**Motion to Dismiss** with the Clerk of the United States District Court for the

Northern District of Illinois, Eastern Division, using the CM/ECF system, and that

on the same date, I mailed by United States Postal Service the same to the

following non-registered party:

Ellis Partee, #A15421
Menard Correctional Center
711 Kaskaskia Street
P.O. Box 711
Menard, IL 62259

LISA MADIGAN
Attorney General of Illinois

By:      /s/ Sheri L. Wong
SHERI L. WONG, BAR NO. 6291090
Assistant Attorney General
100 W. Randolph Street, 12th Floor
Chicago, IL 60601-3218
TELEPHONE: (312) 814-3692
FAX: (312) 814-2253
EMAIL: swong@atg.state.il.us
