IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**

U.S.A. EX REl Ellis PARTEE,          )

     Petitioner,          )

     Vs.          )

Don Hulick, WARDEN, MENARD          )
Penitentiary,          )

     Respondent.          )

JUL 7 2008
Jul 7 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 08 C 1989

Judge GENTLEMAN
Presiding

<u>RESPONSE TO RESPONDENT'S MOTION
TO DISMISS PETITION</u>

Ellis PARTEE, Petitioner, <u>pro se</u>, Asks
that the court DENIES Respondent's Motion
to Dismiss in that it Does Not contra-
dict the Assertion that the State is

Response to Motion
to Dismiss

PARTEE v. Hulick,
# 08 C 1989

Denying his right to a direct Appeal by failing to produce and certify the Record of proceedings of A manufactured charge of Burglary for which he stands wrongfully convicted. Moreover, Respondent does not offer Any justification for the inordinate delay to trascribe the trial transcripts — An uncommon delay that delays the Normal pace of Appellate litigation.

— 2 —

Response to Motion
   to dismiss

Partee v. Hulick
#08 C 1989

The Public Defender complained to the trial court in August and September of 2006 that she hadn't been able to obtain trial transcripts ordered to be produced to her by the trial court on June 23, 2006 for use in preparing Defendant's Motion for New Trial. See Exhibit A attached. They are "still having difficulty in obtaining the transcripts

· Response to Motion         <u>Partee v. Hulick</u>,
    to Dismiss                  # 08 C 1989


underlying his conviction." See Exhibit

B attached asking for up to and including

September 5, 2008, by Affidavit supporting

motion to extend time to try to come up

with the trial transcripts.

   And, if by chance they're successful

after more than a two (2) year delay, Group

Exhibit C, points up the inevitable delays

in the State Appellate Defender to file a

brief on Petitioner's direct appeal based

— 4 —

Response to Motion
    to Dismiss

Partee v. Hulick,
    # 08 C 1989

on the sheer volume of undriefed cases

that office has attorneys assigned to

work on before Petitioner's case.

WHEREFORE, Petitioner prays that the

case proceeds for review on the merits to

determine if the manufactured charge, per

Exhibits D and E, of Burglary is a

conviction that can be sustained under

the Constitution of the United States.

Respectfully submitted,

Ellis Partee

-5-

STATE OF ILLINOIS    )
                      )
COUNTY OF  C O O K    )

## IN THE CIRCUIT COURT OF COOK COUNTY
## CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS)
                                )
                                )
           vs.                )
                                )
                                )
ELLIS PARTEE                   )
                                )

## MOTION FOR A NEW TRIAL

Now comes the defendant, ~~RONCHAWN DOUGLASS~~ *Ellis Partee*, by his attorney,
EDWIN A. BURNETTE, Public Defender of Cook County, by and through, ~~Assistant
Public Defender ADRIENNE E. DAVIS,~~ after a finding of guilty and before sentencing
and respectfully moves this Honorable Court to set aside the finding of guilty in the
above-entitled cause and grant him a new trial, it being expressly understood that defense
counsel has only been furnished with the excerpted copy of the pre-trial motion and  trial
transcripts and makes this motion on behalf of her client, without prejudice to or waiving
the later discovery of error in the trial record.

      **IN SUPPORT WHEREOF,** defendant states as follows:

1.      The State failed to prove the defendant guilty of the charge beyond all
        reasonable doubt.

*Exhibit A*
*1 of 2*

2.    The finding is against the weight of the evidence.   There is no physical

evidence that **ELLIS PARTEE** did commit a burglary

3.    The defendant was denied due process of law.

4.    That the defendant was denied equal protection of the laws.

5.    The State failed to prove every material allegation of the offense beyond a

reasonable doubt.

6.    The finding is based upon evidentiary facts which do not exclude every

reasonable hypothesis consistent with the innocence of the defendant.

7.    The defendant did not receive a fair and impartial trial as guaranteed him

under Article I, Section 2, 6, 8, and 10 of the Constitution of the State of

Illinois (1970) and under the Fourteenth Amendment of the Constitution

of the United States.

**WHEREFORE,** for the various reasons urged before and during the trial

and every error as may appear from the official transcript of proceedings,

defendant requests a New Trial.

Respectfully submitted

EDWIN A. BURNETTE
Public Defender of Cook County

2 of 2

No. 07-1928 (related to 07-0191, 07-2701, and 08-0868)

---

## IN THE APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of Cook |
| Plaintiff-Appellee, | ) County, Criminal Division. |
| | ) |
| v. | ) Circuit No. 06 CR 04670-01 |
| | ) |
| ELLIS PARTEE, | ) Honorable |
| | ) Stanley Sacks, |
| Defendant-Appellant. | ) Judge presiding. |

---

### MOTION TO EXTEND TIME FOR THE FILING OF THE RECORD
### ON APPEAL TO AND INCLUDING SEPTEMBER 5, 2008

The Defendant-Appellant, Ellis Partee, by and through his attorneys, Edwin A. Burnette,

the Public Defender of Cook County, and Lester Finkle, Assistant Public Defender, moves this

Court for an extension to and including September 5, 2008, to file the record on appeal. Reasons

in support of this motion are given in the attached affidavit of Lester Finkle.

Respectfully submitted,

EDWIN A. BURNETTE
Public Defender of Cook County

By: _____
Lester Finkle
Assistant Public Defender

Public Defender of Cook County
Attorney for defendant-appellant
69 West Washington Street - 15th Floor
Chicago, IL  60602
312.603.0600

Exhibit B

1 of 3

STATE OF ILLINOIS )
                         ) ss.
COUNTY OF COOK )

## AFFIDAVIT

Lester Finkle, being first duly sworn on oath, deposes and says as follows:

1. I am an attorney in the State of Illinois, and currently employed as an Assistant Cook County Public Defender, Acting Chief of the Legal Resources Division.

2. The defendant, Ellis Partee, was convicted of burglary under indictment 06 CR 04670. Mr. Partee defended himself at trial, pro se. On December 8, 2006, he was sentenced to seven years in prison.

3. Mr. Partee prematurely filed a notice of appeal, assigned number 1-06-3651, for which the Office of the State Appellate Defender (OSAD) was appointed. That appeal was dismissed. Mr. Partee then filed a timely notice of appeal, resulting in appeal 1-07-0191, to which OSAD was appointed as appellate counsel. However, while this direct appeal is still pending, Mr. Partee filed both a post-conviction petition and a petition for habeas corpus relief, both of which were denied. Mr. Partee has appealed from both denials, resulting in appeals 1-07-1928 and 1-07-2701. Mr. Partee also filed a motion for writ of mandamus, which was denied on February 13, 2008. He has appealed that adverse ruling, resulting in appeal 1-08-0868.

4. I have talked with a paralegal at OSAD, and learned that appeal 1-07-0191 is still pending. Prior to filing this motion for extension of time, I filed a motion to hold Mr. Partee's collateral appeals in abeyance until the resolution of his direct appeal. That motion, however, was denied by this Court on February 20, 2008.

5. According to our records, the record on appeal was due to be filed on or before November 22, 2007. My docketing department is still having difficulty in obtaining the transcripts underlying his conviction (which are related to his direct appeal, 1-07-0191). The docketing department of the Public Defender received the common law record on July 25, 2007, but has yet to receive the report of proceedings. In addition, this appeal is intertwined with Mr. Partee's other appeals, both direct and collateral. Mr. Partee's various collateral appeals may be consolidated, but that determination cannot be made until all materials have been received. Accordingly, it is requested that additional time to and including September 5, 2008, be granted to file the record on appeal.

*2 of 3*

6. This is the first request by the Public Defender for an extension of time to file the record.

FURTHER AFFIANT SAYETH NOT.

_Lester Finkle_

Lester Finkle
Assistant Public Defender

Subscribed and sworn to before
me this 3rd day of June, A.D., 2008.

_Hermenia Green_

Notary Public

OFFICIAL SEAL
**HERMENIA GREEN**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-13-2009

3 of 3

No. 1-07-2086

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 83 C3 35162. |
| | ) | |
| ELLIS PARTEE, | ) | Honorable |
| | ) | John J. Fleming, |
| Petitioner-Appellant. | ) | Judge Presiding. |

## MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF

Appellant, Ellis Partee, by Patricia Unsinn, Deputy Defender, and Gilbert C. Lenz,

Assistant Appellate Defender, Office of the State Appellate Defender, respectfully requests an

extension of time until July 11, 2008, in which to file Appellant's brief.

In support of this motion counsel states:

1.    Appellant's petition for post-conviction relief was dismissed on June 22, 2007 by

the Honorable John J. Fleming.

2.    Defendant is currently incarcerated.

3.    Notice of appeal was filed on July 19, 2007.

4.    The Office of the State Appellate Defender was appointed to represent Appellant

on July 27, 2007.

5.    The certificate in lieu of record was filed on January 25, 2008.

6.    Appellant's brief is due on May 16, 2008.

7.    This is Appellate counsel's third request for a 60-day extension of time to file the



*Group Exhibit C*

*1 of 6*

brief. This Court has granted two previous extensions.

8.      At the present time this office has eighty-two (82) full-time and nine (9) part-time assistant defenders working on cases and a backlog of approximately 1422 unbriefed cases.

9.      Appellate counsel cannot complete Appellant's brief by the above due date because, in fairness to all our clients, it is the policy of the Office of the State Appellate Defender to brief the oldest cases by final judgment date. The only exceptions to handling appeals in this order are State appeals, appeals from remands, and appeals where counsel has been ordered to file the brief regardless of the age of the case. Currently, there are 506 unbriefed cases in this office with judgment dates prior to defendant's judgment date. Given the size of the Office of the State Appellate Defender's present staff, it will be approximately 3 months before an attorney will brief this case.

10.      The delay in the filing of the brief is in no way the fault of Appellant, and Appellant should not be penalized for the backlog of cases of the Office of the State Appellate Defender.

WHEREFORE, Appellant respectfully requests that the Court grant this motion.

Respectfully submitted,

GILBERT C. LENZ
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois  60601
(312) 814-5472

COUNSEL FOR PETITIONER-APPELLANT

2 of 6

STATE OF ILLINOIS   )
                       )  SS
COUNTY OF COOK   )

## AFFIDAVIT

Gilbert C. Lenz, being first duly sworn on oath, deposes and says that he has read the foregoing Motion by him subscribed and the facts stated therein are true and correct to the best of his knowledge and belief.

GILBERT C. LENZ
Assistant Appellate Defender

SUBSCRIBED AND SWORN TO BEFORE ME
on May 8, 2008.

NOTARY PUBLIC

Official Seal
Dora Eason
Notary Public State of Illinois
My Commission Expires 06/14/2010

3 of 6

No. 1-07-2086

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 83 C3 35162. |
| | ) | |
| ELLIS PARTEE, | ) | Honorable |
| | ) | John J. Fleming, |
| Petitioner-Appellant. | ) | Judge Presiding. |

## MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF

Appellant, Ellis Partee, by Patricia Unsinn, Deputy Defender, and Gilbert C. Lenz,

Assistant Appellate Defender, Office of the State Appellate Defender, respectfully requests an

extension of time until April 25, 2008, in which to file Appellant's brief.

In support of this motion counsel states:

1.    Appellant's petition for post-conviction relief was dismissed on June 22, 2007 by

the Honorable John J. Fleming.

2.    Defendant is currently incarcerated.

3.    Notice of appeal was filed on July 19, 2007.

4.    The Office of the State Appellate Defender was appointed to represent Appellant

on July 27, 2007.

5.    The certificate in lieu of record was filed on January 25, 2008.

6.    Appellant's brief is due on February 29, 2008.

7.    This is Appellate counsel's first request for a 60-day extension of time to file the



4 of 6

brief.

8.    At the present time this office has eighty-two (82) full-time and nine (9) part-time assistant defenders working on cases and a backlog of approximately 1512 unbriefed cases.

9.    Appellate counsel cannot complete Appellant's brief by the above due date because, in fairness to all our clients, it is the policy of the Office of the State Appellate Defender to brief the oldest cases by final judgment date.  The only exceptions to handling appeals in this order are State appeals, appeals from remands, and appeals where counsel has been ordered to file the brief regardless of the age of the case.  Currently, there are 830 unbriefed cases in this office with judgment dates prior to defendant's judgment date.  Given the size of the Office of the State Appellate Defender's present staff, it will be approximately 5 months before an attorney will brief this case.

10.    The delay in the filing of the brief is in no way the fault of Appellant, and Appellant should not be penalized for the backlog of cases of the Office of the State Appellate Defender.

WHEREFORE, Appellant respectfully requests that the Court grant this motion.

Respectfully submitted,

GILBERT C. LENZ
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois  60601
(312) 814-5472

COUNSEL FOR PETITIONER-APPELLANT

5 of 6

STATE OF ILLINOIS    )
                     )  SS
COUNTY OF COOK       )

## AFFIDAVIT

     Gilbert C. Lenz, being first duly sworn on oath, deposes and says that he has read the foregoing Motion by him subscribed and the facts stated therein are true and correct to the best of his knowledge and belief.

GILBERT C. LENZ
Assistant Appellate Defender

SUBSCRIBED AND SWORN TO BEFORE ME
on February 21, 2008.

NOTARY PUBLIC

> Official Seal
> Dora Eason
> Notary Public State of Illinois
> My Commission Expires 06/14/2010

6 of 6

# CHICAGO POLICE DEPARTMENT
## CASE SUPPLEMENTARY REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police - Bureau of Investigative Services Personnel Only)

**HL801859**

Case Id : 4495514
Sup ID : 4655509 CASR301

| Last Offense Classification/Re-Classification | IUCR Code | Original Offense Classification | IUCR Code |
|---|---|---|---|
| **THEFT / Attempt Theft** | **0850** | THEFT / Attempt Theft | 0850 |

| Address of Occurrence | Beat of Occur | No of Victims | No of Offenders | No of Arrested | SCR No |
|---|---|---|---|---|---|
| **1 W WACKER DR** | **122** | 1 | 1 | 1 | |

| Location Type | Location Code | Secondary Location | | Hate Crime? |
|---|---|---|---|---|
| **Hotel/Motel** | **260** | | | NO |

| Date of Occurrence | Unit Assigned | Date RO Arrived | Fire Related? | Gang Related? | Domestic Related? |
|---|---|---|---|---|---|
| **21-DEC-2005 12:23** | **0111** | 21-DEC-2005 12:30 | NO | NO | NO |

| Reporting Officer | Star No | Approving Supervisor | Star No | Primary Detective Assigned | Star No |
|---|---|---|---|---|---|
| GALL, Anna | 20568 | ARTEAGA JR, Robert | 2017 | GALL, Anna | 20568 |
| Date Submitted | | Date Approved | | Assignment Type | |
| 13-APR-2006 16:04 | | 14-APR-2006 08:53 | | FIELD | |

## THIS IS A FIELD INVESTIGATION CLEARED CLOSED (ARREST AND PROSECUTION) REPORT

**VICTIM(S) :**     <u>**RENAISSANCE HOTEL**</u>

    **BUS:**   1 W Wacker Dr
          Chicago IL

    **OTHER COMMUNICATIONS:**
          Business : 312-372-7200

**OFFENDER(S):**     <u>**PARTEE, Ellis O**</u>        -- In Custody --

    Male / Black / 50 Years
    **DOB:**   07-DEC-1955

    **RES:**    919 S Claremont Ave
          Chicago IL

    **DESCRIPTION:**   6'02,180,Black Hair, Bald Hair Style, Brown Eyes, Dark
                  Complexion

    **SSN:**   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

    **IR #:**   1509840       **CB #:**   16443593

**OTHER PROPERTY :**     **INV #:**   10690692            Eviden

          Photograph Of 17 Alcoholic Beverage Bottles, 1 Bag Cashews, 1 First Aid
          Kit

          **OWNER:**   Renaissance Hotel

**LOCATION OF INCIDENT:**     1 W Wacker Dr
                             Chicago IL
                             260 - Hotel/Motel

**DATE & TIME OF INCIDENT:**     21-DEC-2005 12:23

**METHOD CODE(S):**     Theft From Building



---

*Exhibit D*

**REPORT DISTRIBUTIONS:**    No Distribution

**INVESTIGATION:**

CLEARED CLOSED (ARREST AND PROSECUTION) SUPPLEMENT CASE REPORT
-----------------------------------------------------------------------

R/D assigned to investigate a theft case report by Sgt. Jack of this Unit. R/D contacted the following individuals regarding the facts of the case. A summary of those interviews is as follows:

BRANDON MOORE: is the Director of Loss Prevention for the Renaissance Hotel who stated the following: on 21 DEC 05, witness Debbie WILLIAMS, housekeeper for the Renaissance Hotel stated she observed above offender in room 1816 (a room that was not occupied by a registered guest). WILLIAMS contacted security and security personnel stopped offender who had in his possession, a white colored Renaissance plastic bag which contained 17 bottles of alcoholic beverages, one bag of cashews and a first aid kit. The police were notified and offender Ellis PARTEE was arrested for attempt theft. The proceeds were turned over to Brandon MOORE. An audit of the minibars revealed the liquor was taken from room 2212.

DEBBIE WILLIAMS: is the Assistant Housekeeping Director for the Renaissance Hotel. WILLIAMS was conducting an inspection of room 1816 and had the door resting against the latch. While WILLIAMS was in the bathroom, an unknown offender (now known as Ellis PARTEE) entered the hotel room. WILLIAMS informed the offender he could not be in the room. Offender PARTEE told WILLIAMS that he wanted to use the bathroom. WILLIAMS informed the offender he could not do so and offender PARTEE left the hotel room. WILLIAMS immediately informed security. WILLIAMS identified offender Ellis PARTEE after PARTEE was stopped by security.

Offender Ellis PARTEE'S misdemeanor charges were nolle pros by the ASA in Branch 43. Offender Ellis PARTEE did not appear for his court date on 19 JAN 06.

R/Ds made attempts to locate offender Ellis PARTEE at his place of residence with negative results.

R/Ds learned that offender Ellis PARTEE had a court appearance at 26th & California on 08 FEB 06. R/Ds placed offender Ellis PARTEE under arrest at that time and transported offender Ellis PARTEE to Area Four for processing.

R/Ds had obtained a photograph of the items taken by offender Ellis Partee. R/Ds inventoried the photograph of the 17 alcoholic beverage bottles, one bag of cashews and one first aid kit under CPD Inventory 10690692.

ELLIS PARTEE: was advised of Miranda Rights on 08 FEB 06 at 1700 hrs. PARTEE refused to speak with R/Ds.

R/D contacted Felony Review and spoke with ASA Hogan who approved one count of Burglary at 1953 hrs. R/D requests this case be CLEAR CLOSED BY ARREST.

REPORT OF:
DET. A. GALL #20568
DET. J. FERRITER #20490

**CAU CODE(S):**          DNA

**OTHER PROPERTY TAKEN:**
Consumer Goods
OWNER:  Renaissance Hotel
VALUED AT:  $147.00

**OTHER PROPERTY RECOVERED:**
Consumer Goods
OWNER:  Renaissance Hotel
VALUED AT:  $147.00

**PERSONNEL ASSIGNED:**   Detective/Youth Investigator

| | | |
|---|---|---|
| FERRITER, John T | # 20490 | |
| GALL, Anna B | # 20568 | |

Reporting Officer

GREENE, Denise F      # 7746      BEAT: 0111

**WITNESS(ES) :**

**WILLIAMS, Debbie**
Female / Black

RES:  1 W Wacker Dr
Chicago IL

EMPLOYMENT:  Housekeeper For Renaissance Hotel

OTHER COMMUNICATIONS:
Business : 312-372-7200

**OTHER INDIVIDUALS INVOLVED:**

**MOORE, Brandon**         ( Person Reporting Offense )
Male / Black

RES:  1 W Wacker Dr
Chicago IL

EMPLOYMENT:  Director Of Security-Renaissance Hotel

OTHER COMMUNICATIONS:
Business : 312-372-7200

Phone :

**CRIME CODE SUMMARY:**    0850 - Theft - Attempt Theft

**IUCR ASSOCIATIONS:**     0850 - Theft - Attempt Theft

RENAISSANCE HOTEL        ( Victim )
PARTEE, Ellis, O          ( Offender )

**ASSOCIATED ARRESTS:**    16443593

HL801859
DETECTIVE SUP. APPROVAL COMPLETE

**GENERAL PROGRESS REPORT**
**DETECTIVE DIVISION/CHICAGO POLICE**

| | DATE OF ORIG. CASE REPORT | DATE OF THIS REPORT |
|---|---|---|
| | DAY / MONTH / YEAR | DAY / MONTH / YEAR / WAT'G |
| | 21 Dec 05 | 8 Feb 06 |

| OFFENSE/CLASSIFICATION--LAST PREVIOUS REPORT | VICTIM'S NAME AS SHOWN ON CASE REPORT | BEAT/UNIT ASSIGNED |
|---|---|---|
| | Renaissance Hotel | 5477 |

This form is designed for recording handwritten notes and memoranda which are made during the conduct of investigations, including: inter-watch memoranda (handwritten or typewritten), witness and suspect interview notes, on-scene canvas notes, and any handwritten personal notes made by detectives during the field investigation of violent crimes which are used to prepare official Department case reports.

MOORE, BRANDON

M/1 ████████████

17 bottles, cashews

liquor taken from 2212

Case # Armed Rob. (Theft upgrade?)
82 CF 1475

Witness - housekeeper
WILLIAMS, Debbie
F/1 ████████████
████████████████████
████████████████

Rm 1816 - inspecting room - door latched
- she was in bathroom - he entered
he said he wanted to use bathroom
- she said "no", he left. She
called security
located by security

| REPORTING OFFICER'S SIGNATURE--STAR NO. | RECEIVED BY SUPERVISOR'S SIGNATURE--STAR NO. | DAY MO.-YR. TIME |
|---|---|---|
| Ted M. Carr JC825 | ████████ 2017 | 14 Apr 06 0910 |

CPD-23.122 (Rev. 2/83)

Exhibit E

RE, PARTEE V. Hulick, 08 C 1989
U.S.D.C., N.D. (Judge Gettleman)

# Proof of Service

The undersigned certifies that

he served the attorney of record with

the original copy of Response to Motion

to Dismiss, along with Exhibits A thur E

by mail on June 12, 2008.

Ellis Partee
Ellis Partee
#A-15421 / Box 711
Menard, Ill. 62259

State of Illinois )
                   ) SS
County of Randolph )

enclosures submitted to certify service to Respondent.



## OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

June 12, 2008

Ellis Partee, #A15421
Menard Correctional Center
711 Kaskaskia Street
P.O. Box 711
Menard, IL 62259

Re: *Partee v. Hulick*, No. 08 C 1989

Dear Mr. Partee:

This letter is in response to your requests dated May 31, 2008 and June 8, 2008 to send you a copy of the exhibits to Respondent's Motion to Dismiss and to file your Response to that motion. First, this office does not send copies of exhibits to petitioners in federal habeas cases as a matter of course, but as a courtesy to you, I have included them with this letter. As to your request to file your Response, it is not Respondent's duty to file that document for you. As such, I have returned your original back to you.

Thank you for your time.

Sincerely,

SHERI WONG
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3128
(312) 814-3692

# INMATE REQUEST FOR LAW LIBRARY ASSISTANCE

N 2

647

GEN. DIV.  ( )      P.C.   ( )
C.U.       ( )      SEG.   ( )          DATE: 6-20-8

INMATE NAME: Partee          ID# A15421   CELL: N2-5-38

REQUEST: Response To Motion To dismiss / Northern Dist CT. IL.

No 1-07-2086                          08 C 1989

IL. App. CT. Fil.   (2)  Copies FR.

FORMS REQUESTED (Specify state or federal court): _____

_____

CASE LAW/STATUTES REQUESTED: _____  Copied

COMMENTS: Menard Librarian only permits two copies
rader than the three (3) requested based on
Disbursment status for Exhibits in group 2 filed in
Case #06 C 3605 before Judge Manning.

DCA 30620    IL  426-18967          DATE FILLED: 06-23-08
(Revised Dec 98)                    INITIALS: _____

# INMATE REQUEST FOR LAW LIBRARY ASSISTANCE

GEN. DIV.   ( )      P.C.     ( )
C.U.        ( )      SEG.     (✓)      DATE: 6/28/08

INMATE NAME: Ellis Artez  ID# A15421   CELL: 5-38

REQUEST: 3 copies of 28 legal pages

FORMS REQUESTED (Specify state or federal court): _____

CASE LAW/STATUTES REQUESTED: _____

COMMENTS: _____

DCA 30620    IL  426-18967      DATE FILLED: _____
(Revised Dec 98)                INITIALS: _____

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____  Date _JUNE 22, 2008_

Offender Name _Ellic Rabbee_  ID# _A15761_  Housing Unit _A12 5-27_

Pay to _____

    Address _____

    City, State, Zip _____

The sum of _____ _$2_ _____ dollars and ___ _20_ ___ cents charged to my trust fund

account, for the purpose of _3 of the three copies of Twenty pages_

☐ I hereby authorize payment of postage for the attached mail. ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _Ellic Rabbee_  ID# _A15761_

Witness Signature _____

☐ Approved ☐ Not Approved  Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution: Business Office, Offender, Mail Room.

Printed on Recycled Paper

DOC 0296 (Eff. 1/2008)
(Replaces DC 628)